**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HANS J. MISSAL,

                Plaintiff,

v.                                                        Case No.  6:05-cv-1635-Orl-31KRS

STATE ATTORNEY LAMAR LAWSON (9th
District), CIRCUIT JUDGE JOHN M. KEST (9th
District) & TIMOTHY P. RYAN (Orange County
Corrections),

                Defendants.
_____

## ORDER OF DISMISSAL

      Plaintiff, a prisoner of the State of Florida proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983.  Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. section 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners:

      (b)      Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

              (1)      is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

              (2)      seeks monetary relief from a defendant who is immune from such relief.

Thus, the courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief.  *Cuoco v. Spears*,  No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. section 1915(e) directs the court to dismiss actions which are frivolous or malicious.  A complaint is frivolous if it is without arguable merit either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990).  However, the Court must read Plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff's complaint is difficult to decipher.  He has brought this complaint against Lawson Lamar, the State Attorney for the Ninth Judicial Circuit in the State of Florida; John M. Kest, a state trial judge; and Timothy P. Ryan, an employee with the Orange County Corrections.  Plaintiff alleges that Defendants Lamar and Kest have "deliberately stalled" his state criminal case in violation of his right to a speedy trial.  He also appears to allege that certain mailroom policies of the Orange County Corrections caused a delay in the filing of certain pleadings with the state court.

Defendant Lamar is immune from prosecution under section 1983 for acts taken during the course of his duties as a prosecutor.  *Imbler v. Pachtman*, 424 U.S. 409 (1976).  Consequently, he was cloaked with absolute immunity for the alleged improper activities set forth in his complaint, which were associated with the judicial phase of the proceedings.  *See Allen v. Thompson*, 815 F.2d 1433, 1434-35 (11th Cir. 1987).  Defendant Lamar is entitled to absolute immunity for the alleged wrongdoings set forth in the complaint, and this case must be dismissed as frivolous as to Defendant Lamar.

The actions of Judge Kest occurred as part of judicial proceedings over which he was presiding.  It is clear that "[a] judge is absolutely immune from suit in performing his [or her]

judicial responsibilities." *Sum v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992). Therefore, this case must be dismissed as frivolous as to Defendant Kest.

Finally, none of the allegations in the complaint refer to any personal involvement by Defendant Ryan nor does the complaint state that he had knowledge of these matters. Plaintiff has failed to allege or otherwise indicate any personal action or inaction by Defendant Ryan whatsoever within the scope of his responsibilities that would make him personally liable for damages under section 1983. Plaintiff simply has failed to demonstrate a sufficient basis on which to hold Defendant Ryan. *See Sanders v. United States*, 760 F.2d 869, 872 (8th Cir. 1985). Any conceivable liability on the part of Defendant Ryan would be based on the doctrine of *respondeat superior*, which has clearly been rejected as a theory of recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985). Thus, this action must be dismissed as frivolous as to Defendant Ryan.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      This case is **DISMISSED** as frivolous.

2.      Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2, filed November 2, 2005) is **DENIED**.

3.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida this 1st day of December, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 12/1
Hans J. Missal